# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:06-cv-02471-PSF-MJW

**SCOTT REED,**

    Plaintiff,

vs.

**HOME DEPOT U.S.A., INC., a Delaware Corporation**

    Defendant.

---

## CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

---

The discovery served by the parties in the above-styled action seeks (1) the production of documents and things containing business, competitive, proprietary, trade secret and/or other information of a sensitive nature concerning one or more party or concerning a non-party to whom a party owes a duty of confidentiality, (hereinafter collectively referred to as "Confidential Information") and (2) testimony containing Confidential Information.  To protect the confidentiality of this information, the parties enter into this Confidentiality Stipulation and Protective Order ("the Stipulation") and mutually agree to its entry by the Court as a protective order governing the production of documents containing Confidential Information as well as the handling of witness testimony that contains Confidential Information.  For good cause shown, the parties stipulate and the Court hereby **ORDERS** as follows:

### Designation of Confidential Information

1. ***Designation of Material.***  Prior to their production, documents and things believed to be or contain Confidential Information shall be marked "Confidential" by the producing party.

Placement of the "Confidential" designation prior to production either (1) on every page containing protected information, (2) on the initial page of a document produced in its entirety or (3) on the initial page of a set of documents produced collectively shall constitute notice and shall designate the page, document or collection as Confidential Information. Copies, extracts, summaries and notes of Confidential Information as well as any other work product derived from Confidential Information is also Confidential Information subject to the provisions of the Stipulation.

2. ***Subsequent Designation.*** A party may subsequently designate documents or materials produced without a "Confidential" designation as Confidential Information if (1) the designation is made within thirty (30) days after the document is first produced in the litigation and (2) the subsequent designation is communicated in writing to all counsel of record and unrepresented parties. Upon receipt of a subsequent designation notice, each party or person receiving the notice shall put forth best efforts to locate all copies of the designated materials, shall affix a "Confidential" designation to all documents located and shall thereafter handle the document as Confidential Information in accordance with the provisions of the Stipulation. Distribution or dissemination of undesignated documents prior to the receipt of a subsequent designation notice **shall not** be deemed a violation of the Stipulation.

3. ***Designation of Depositions.*** Depositions or portions thereof upon oral examination or written questions may be designated as Confidential Information either by an examining party's attorney or by an attorney defending or attending the deposition. A party claiming that a deposition or any portion thereof is Confidential Information shall give written notice of such claim to all counsel of record and unrepresented parties either prior to or during the deposition or within thirty (30) days after receipt of the deposition transcript. Timely notice under this sub-

section designates the deposition testimony (including the transcript and all copies thereof) Confidential Information and entitles the testimony to future handling in accordance with the provisions of the Stipulation.

4. ***Modification of Designation.*** "Confidential" designations made by the parties during the course of discovery are not final and can be modified or eliminated at any time by the party that made the designation. Notice of the removal or modification of a "Confidential" designation shall be communicated in writing to all counsel of record and unrepresented parties and shall be effective upon receipt.

    a. Designated documents can be modified or eliminated at any time in one of two ways,

- The producing party may agree in writing to remove the Confidential designation concerning any material it produced or
- If the parties cannot agree as to the designation of any particular document or material after good faith discussion, the receiving party may move the Court for removal of the Confidential designation. Under this scenario, the party who originally designated the document or material Confidential bears the burden of proving the propriety of the designation.

<u>**Access to Confidential Information**</u>

5.     ***General Access.*** Except as otherwise expressly provided herein or by subsequent order of the Court, Confidential Information may be revealed only as follows:

    (a)    To counsel of record for a party to this lawsuit (including attorneys, paralegals, secretaries, administrative assistants and other staff employed in the offices of such outside counsel who are working on the litigation).

(b)     To outside counsel for a party to this lawsuit who are not of record upon delivery of a signed letter in the form of Exhibit A hereto to counsel of record for each other party to the lawsuit and to all unrepresented parties.

(c)     To the parties after they have been given a copy of this Confidentiality Stipulation by their counsel and signed a letter in the form of Exhibit A.

(d)     To court reporters transcribing a deposition, hearing or other proceeding in this matter (excluding court-appointed court reporters) upon delivery of a signed letter in the form of Exhibit A.

      a. To court-appointed court reports.

      (e)     To independent experts and independent consultants (meaning a person who is not an employee, officer, director or owner in any capacity of a party and who is retained by a party or a party's counsel in good faith for the purpose of assisting in this litigation) upon delivery of a signed letter in the form of Exhibit A.

Nothing herein shall prevent the producing party from showing the documents or information to an employee of that party.

6.     *No Copies/Notes.*  Except for internal use by outside counsel for the parties hereto, for Court and deposition copies, and for such use as is expressly permitted under the terms hereof, no person granted access to Confidential Information shall make copies, reproductions, transcripts or facsimiles of the same or any portion thereof or shall take notes or otherwise summarize the contents of such Confidential Information.

7.  ***Disputes over Access.*** If a dispute arises as to whether a particular person should be granted access to Confidential Information, the party seeking disclosure may move the Court to permit the disclosure and must obtain an order of the Court before disclosing the information.

Use of Confidential Information

8.  ***Use in this Litigation Only.*** Confidential Information may be used only for purposes of this litigation. Each person to whom the disclosure of any Confidential Information is made shall not, directly or indirectly, use, disclose or disseminate, or attempt to use, disclose or disseminate, any of the Confidential Information except as expressly provided herein.

9.  ***Use at Depositions.*** If Confidential Information is to be discussed or disclosed during a deposition, the producing party shall have the right to exclude from attendance at the deposition, during the time the Confidential Information is discussed, any person not entitled under the Stipulation to receive the Confidential Information.

10. ***Use at Court Hearings and Trial.*** Subject to the Federal [or state] Rules of Evidence, Confidential Information may be offered into evidence at trial or at any hearing or oral argument, provided that the proponent of the evidence containing Confidential Information gives reasonable advance notice to the Court and counsel for the producing or designating party. Any party may move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary or detrimental disclosure. If presented at trial, the status of evidence as Confidential Information shall not be disclosed to the finder of fact.

11. ***Filing Under Seal.*** Each document filed with the Court that contains any Confidential Information shall be filed in a sealed envelope or other appropriate sealed container [*handwritten:* consistent with D.C. Colo. Civ. R. 7.2 and 7.3] on which shall be set forth the title and number of this action, a general description or title of the contents of the envelope, and a statement that the contents are Confidential and subject to a

5

protective order and that the envelope is not to be opened nor the contents thereof revealed except to counsel of record and unrepresented parties in the litigation and/or court personnel, or pursuant to further order of the Court. Copies of such documents served on counsel for other parties shall be marked as Confidential.

12. ***Reasonable Precautions.*** Counsel for each party shall take all reasonable precautions to prevent unauthorized or inadvertent disclosure of any Confidential Information.

13. ***Return After Litigation.*** Within thirty (30) days of the final disposition of this litigation by judgment, appeal, settlement or otherwise, or sooner if so ordered by the Court, counsel for each party shall return to counsel for the producing party all items constituting, containing or reflecting the producing party's Confidential Information.

## Other Provisions

14. ***Not an Admission.*** Nothing in the Stipulation shall constitute an admission by any party that the documents or materials designated Confidential are actually Confidential Information. Furthermore, nothing contained herein shall preclude the parties or other interested persons from raising any available objections or from seeking any available protection with respect to any Confidential Information, including, but not limited to, the grounds of admissibility of evidence, materiality, trial preparation materials and privilege.

15. ***Miscellaneous.*** The Stipulation shall apply to the production of all materials whether or not such materials are informally produced or produced in response to a formal discovery request or a Court order in this litigation. The Stipulation may be used to protect the confidentiality of the residential addresses and social security numbers of the parties and of any and all current or former employees of either of the parties or their affiliates.

The parties having stipulated and agreed hereto, it is SO ORDERED, this __6th__ day of __June__, 2007.

_____
United States District Court Judge

So stipulated and agreed:

**MICHAEL J. WATANABE**
**U.S. MAGISTRATE JUDGE**
**DISTRICT OF COLORADO**

| s/ Robert J. Leonard | 5/29/07 | s/ Timothy P. Schimberg | 6/1/07 |
|---|---|---|---|
| Robert J. Leonard, Esq. | Date | Timothy P. Schimberg, Esq. | Date |
| Counsel for Plaintiff Scott A. Reed | | Counsel for Home Depot U.S.A., Inc. | |

7