IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02471-REB-MJW

SCOTT REED,

    Plaintiff,

v.

HOME DEPOT U.S.A., INC., a Delaware corporation,

    Defendant.

## ORDER

The matter before me is **Defendant Home Depot's Combined Motion for Leave To File a Motion for Summary Judgment and Motion for a Stay of the Proceedings Pending Resolution of Plaintiff's Status as the Real Party in Interest** [#50], filed November 28, 2007. I grant the motion for leave to file a motion for summary judgment out of time, although not for the reasons advanced in the motion, but I deny the motion for stay.

Defendant's motion for summary judgment is premised on its contention that plaintiff is not the real party in interest with respect to the claims asserted in this suit by virtue of his Chapter 7 bankruptcy proceeding and subsequent discharge. Although defendant candidly admits that it learned of plaintiff's prior bankruptcy in June, 2007, well before the September 28, 2007, dispositive motion deadline, it did not file its motion for summary judgment on this basis until some two months later. Defendant maintains that it deferred filing a motion for summary judgment because it assumed

plaintiff would remedy the error, and it did not wish to expend time and resources on a motion that would be mooted by such actions.

I simply cannot find that defendant's stated reasons themselves constitute good cause for allowing it to file a summary judgment motion some two months after the deadline elapsed. Defendant states no substantive reason justifying its sanguine assumption that plaintiff would timely act to address the issue himself. Even if it had, as the deadline approached and the real-party-in-interest issue still had not been resolved, due prudence would have dictated a more proactive response by defendant, if not in advance of, at least within a reasonable time after, the expiration of the deadline. Such inaction does not show good cause to allow a filing so far out of time.

Nevertheless, the real-party-in-interest issue must be addressed before this matter can proceed to trial. This fact by itself dictates that the issues inherent in the motion for summary judgment must be considered at some point prior to that date.[1] For this reason, I will grant defendant leave to file its summary judgment motion out of time. Plaintiff shall respond to the motion within the time set forth below.

On the other hand, I perceive no valid reason why this matter should be stayed. Although the parties' desire to conserve their own and judicial resources is understandable, it does not differentiate them from the majority of other civil litigants who come before this court. The most efficient use of time and resources for all involved is to move this case expeditiously forward toward resolution, whether by

---

[1] I construe defendant's motion for summary judgment [#51], filed November 28, 2007, in part, as an objection under Fed.R.Civ.P. 17(a)(3).

settlement, summary judgment, or trial.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Defendant Home Depot's Combined Motion for Leave To File a Motion for Summary Judgment and Motion for a Stay of the Proceedings Pending Resolution of Plaintiff's Status as the Real Party in Interest** [#50], filed November 28, 2007, is **GRANTED IN PART** and **DENIED IN PART**:

    a. That the motion is **GRANTED** insofar as it seeks leave to file a motion for summary judgment out of time, albeit not on the grounds stated in the motion, but for the reasons set forth by the court herein, and **Home Depot U.S.A., Inc.'s Motion for Summary Judgment Pursuant to Fed.R.Civ.P. 56(c)** [#51], filed November 28, 2007, is **ACCEPTED FOR FILING**; and

    b. That the motion is **DENIED** insofar as it seeks a stay of this action; and

2. That plaintiff **SHALL FILE** his response to defendant's motion for summary judgment on or before **Tuesday, February 19, 2008.**

Dated January 29, 2008, at Denver, Colorado.

                                      **BY THE COURT:**

                                      **s/ Robert E. Blackburn**
                                      **Robert E. Blackburn**
                                      **United States District Judge**