IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 06-cv-02471-REB-MJW

SCOTT REED,

    Plaintiff,

v.

HOME DEPOT U.S.A., INC., a Delaware corporation,

    Defendant.

## ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**Blackburn, J.**

    The matters before me are (1) **Home Depot U.S.A., Inc.'s Motion for Summary Judgment Pursuant to Fed.r.Civ.P. 56(c)** [# 51], filed November 28, 2007; and (2) plaintiff's **Motion To For** [sic] **Leave To File Supplement to Plaintiff's Sur Response to Defendant Home Depot USA, Inc.'s Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment** [#73], filed April 9, 2008. I grant plaintiff's motion for leave to file a supplement and deny defendant's motion for summary judgment.

    Defendant's summary judgment motion is premised on its contention that plaintiff is not the real party in interest with respect to the claims asserted in this suit because he failed to disclose them in his Chapter 7 bankruptcy proceeding, which allegedly made the bankruptcy trustee the party entitled to pursue the claims. After the motion was filed, plaintiff took steps to reopen his bankruptcy estate, appoint an interim

trustee, amend his bankruptcy schedules to claim an exemption for non-economic and economic losses arising from the accident at issue in this case, and negotiate a settlement with the trustee as to distribution of the proceeds from this matter. As a result of these actions, the bankruptcy trustee has assigned the claims to plaintiff and has agreed to be bound by the outcome of this lawsuit (*see* **Ratification of Plaintiff Scott Reed as the Real Party in Interest By Bankruptcy Trustee** [#69], filed March 10, 2008), and the bankruptcy court recently has approved the Trustee's Amended Motion for Approval of Compromise and Settlement (*see* **Supplement to Plaintiff's Sur Response to Defendant Home Depot USA, Inc.'s Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment**, Appendix, Exh. A [#74], filed April 9, 2008).

These actions make plaintiff the real party in interest not only with respect to his claims for non-economic damages, *see* § 13-54-102(1)(n), C.R.S., but also as to his claim for pecuniary loss, *see Gavend v. Malman*, 946 P.2d 558, 564-65 (Colo.App. 1997) (citing *Miller v. Accelerated Bureau of Collections, Inc.*, 932 P.2d 824, 826 (Colo.App. 1997)). This being the only issue raised in support of the motion for summary judgment, that motion must be denied.

**THEREFORE IT IS ORDERED** as follows:

1. That **Home Depot U.S.A., Inc.'s Motion for Summary Judgment Pursuant to Fed.r.Civ.P. 56(c)** [# 51], filed November 28, 2007, is **DENIED**; and

2. That plaintiff's **Motion To For [sic] Leave To File Supplement to Plaintiff's Sur Response to Defendant Home Depot USA, Inc.'s Reply to Plaintiff's Response**

**to Defendant's Motion for Summary Judgment** [#73], filed April 9, 2008, is **GRANTED**.

Dated April 15, 2008, at Denver, Colorado.

BY THE COURT:

s/ Robert E. Blackburn
Robert E. Blackburn
United States District Judge